**Salvador S. CALDERON, Plaintiff,**

v.

**MARTIN MARIETTA CORPORATION, Defendant.**

**Action No. 87–F–411.**

United States District Court, D. Colorado.

Sept. 3, 1987.

Ronald E. Gregson, Denver, Colo., for plaintiff.

John R. Webb, Michael J. Kramer, Denver, Colo., for defendant.

## ORDER GRANTING PARTIAL JUDGMENT ON THE PLEADINGS

SHERMAN G. FINESILVER, Chief Judge.

This matter is before the Court on defendant's motion for judgment on the pleadings, filed July 2, 1987. Defendant asserts the Workmen's Compensation Act of Colorado, Colo.Rev.Stat. § 8–40–101, *et seq.*, (the "Act"), provides the exclusive remedy for plaintiff's claims for damages for emotional distress, humiliation and emotional harm. Therefore, defendant requests these claims be dismissed. For the following reasons, defendant's motion is GRANTED.

Recovery under the Act is meant to be the employee's exclusive remedy, and to preclude employee tort actions against an employer. Colo.Rev.Stat. § 8–42–102 (1986); *Kandt v. Evans*, 645 P.2d 1300, 1302 (Colo.1982). Emotional stress is an injury compensable under the Act. Colo.Rev.Stat. § 8–52–102 (1986); *City of Boulder v. Streeb*, 706 P.2d 786 (Colo.1985). Thus, if plaintiff's claims for damages for emotional harm are covered by the Act, the claims are not compensable in this suit.

Plaintiff argues the emotional stress claims are not covered by the Act because the claims do not arise from events which occurred during the course of his employment. Thus, plaintiff asserts the emotional stress claims arose following the discovery of memoranda written by his program chiefs criticising his work performance. He maintains the claims could not be work-related because the plaintiff only discovered the existence of the memoranda immediately prior to his discharge from employment.

Plaintiff's argument is unpersuasive. Plaintiff's emotional distress claims do not relate to his layoff which occurred in November, 1986. Instead, the claims relate to the work-related acts of his program chiefs in writing evaluation memoranda about plaintiff's job performance. Complaint ¶¶ 15, 16, 17, 28 and 32. Since these actions and resulting claims are work-related, plaintiff may recover damages for emotional stress only under the Act. Accordingly,

IT IS ORDERED that defendant's motion for judgment on the pleadings is GRANTED. The Workmen's Compensation Act of Colorado provides plaintiff's exclusive remedy for damages arising from emotional injuries. Plaintiff's claims for emotional distress, humiliation and emotional harm are DISMISSED.